Bryan W. Goodman (#02055)
**GOODMAN & GOODMAN, PLC**
7473 E. Tanque Verde Rd.,
Tucson, Arizona 85715
Telephone: 520-886-5631
Court Documents: bwg@goodmanadvisor.com

Attorneys for Debtor

In re:

Glen Halvorson, MD PLLC,

Debtor.

Chapter 11 Proceeding

Case No.: 2:18-bk-13508-BKM

**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN EXISTING BANK ACCOUNTS**

Glen Halvorson, MD PLLC, the Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case ("Debtor"), hereby submits this motion (the "Motion"), seeking entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"): authorizing the Debtor to maintain its existing bank accounts to allow the Debtor to continue to receive direct deposit Medicare and Medicaid payments. In support of this Motion, the Debtor relies on the *Declaration of Glen Halvorson, MD in Support of First Day Motions* (the "Declaration"). In further support of this Motion, the Debtor respectfully submits as follows:

## Background

1. On November 2, 2018 (the "Petition Date"), the Debtor commenced its case (the "Chapter 11 Case") under chapter 11 of the Bankruptcy Code. The Debtor continued to operate its businesses and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtor's Chapter 11 Case.

2. The Debtor provides diagnostic testing and analysis to patients of referring treating physicians. Specifically, the Debtor provides electromyography (EMG) diagnostic

procedures to assess the health of muscles and the nerves that control them. An EMG is often done in combination with a Nerve Conduction Study (NCS). Together the EMG and NCS tests analyze the electrical activity in nerves and help diagnose symptoms of: numbness, tingling, pain, weakness, or cramping.

3. The Debtor maintains and utilize a total of two (2) bank accounts (collectively, the "Bank Accounts"), which are maintained at or through Wells Fargo, N.A. and OneAZ Credit Union ("Credit Union"). Wells Fargo is on the United States Trustee's list of "approved depositories" for bankruptcy estate funds (the "Authorized Depository List"). Though Credit Union is a member of the FDIC, Credit Union is not included on the Authorized Depository List. However, the Debtor submits that, as set forth in greater detail below, good cause exists to allow the Debtor to continue its banking relationship with Credit Union.

4. Upon information and belief, immediately after the Petition Date, Credit Union and Wells Fargo (collectively, the "Banks") will not authorize the Debtor to continue the use of the Bank Accounts until the Court issues an order authorizing the Banks to allow the Debtor to continue to use the Bank Accounts.

5. As the Debtor accepts Medicare and Medicaid payments, the Bank Accounts are subject to certain restrictions. Specifically, anti-assignment rules require Medicare and Medicaid payments to be made only to a bank account that is under the sole control of the provider, and any governmental payments must be made into a lockbox account. Medicare and Medicaid payments are currently being deposited directly into the Bank Accounts.

5. The Office of the United States Trustee for this region (the "U.S. Trustee") has established certain Operating Guidelines for Chapter 11 Cases (the "Guidelines") relating to the banking and cash management practices of debtors in possession. The Guidelines require chapter 11 debtors to, among other things: (i) close all existing bank accounts and open new debtor in possession bank accounts; (ii) label the face of all checks obtained for the new accounts with the phrase "debtor in possession," the bankruptcy case number, and

the type of account; and (iii) deposit any funds held by the bankruptcy estate in an insured or collateralized account with a financial institution that the U.S. Trustee has designated as an "authorized depository."

**Relief Requested**

Through this Motion, the Debtor respectfully requests, among other things, a waiver of certain of the Guidelines that otherwise would require the Debtor to close all prepetition bank accounts. Specifically, pursuant to sections 105, 363, and 503 of the Bankruptcy Code, the Debtor request that this Court enter an order authorizing the Debtor to continue the maintenance and use of its prepetition Bank Accounts, and granting it such other and further relief to which it may be justly entitled. Debtor is able to open new debtor in possession bank accounts to act as operating accounts for the Debtor, into which funds from the Bank Accounts will be transferred. However, without the requested relief, the Debtor submits that it would be unable to conduct its financial operations effectively and efficiently, which would cause significant harm to the Debtor and its estate.

The Debtor believes that the continuation of the Bank Accounts is essential to enable a smooth transition into chapter 11. As set forth above, the Guidelines mandate the closure of the Debtor's prepetition bank accounts. Requiring the Debtor to close its existing Bank Accounts and open new accounts would impose a significant and unnecessary administrative burden upon the Debtor. Specifically, because the Debtor accepts Medicare and Medicaid payments, the Bank Accounts are subject to certain restrictions. These restrictions include anti-assignment rules requiring Medicare and Medicaid payments to be made only to a bank account that is under the sole control of the Debtor, and any governmental payments must be made into these lockbox accounts. If Medicare or Medicaid receivables were assigned to another account, such assignment could violate the anti-assignment rules and result in the termination of the provider agreement. Further, applying to change the accounts could significantly delay reimbursement and cash flow for the Debtor.

WHEREFORE, Debtor respectfully requests that the Bankruptcy Court enter its Order authorizing the Debtor to maintain its existing bank accounts. A form of Order is submitted herewith.

RESPECTFULLY SUBMITTED this 13th day of November, 2018.

/s/ Bryan W. Goodman
Bryan W. Goodman
**GOODMAN & GOODMAN, PLC**
Attorneys for Debtor

**E-FILED** on November 13, 2018 with the
U.S. Bankruptcy Court and copies served
via ECF notice on all parties that have
appeared in the case.

**COPY** mailed the same date via U.S. Mail to:
Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706
All parties on Debtors' Master Mailing Lists

**COPY** e-mailed the same date to:
Patty Chan, Trial Attorney
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003
Patty.Chan@usdoj.gov

# Exhibit "A"

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Glen Halvorson, MD PLLC,<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No.: 2:18-bk-13508-BKM<br><br>**STIPULATED ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTORS TO MAINTAIN EXISTING BANK ACCOUNTS** |

Upon consideration of the motion (the "Motion") of the Debtor for entry of an Order, pursuant to sections 105(a) and 503 of the Bankruptcy Code, authorizing it to maintain existing bank accounts; and the Court having determined sufficient cause appearing therefor,

IT IS HEREBY **ORDERED** THAT:

1. The Motion is GRANTED.

2. The Debtor's Bank Accounts with Wells Fargo, N.A. and OneAZ Credit Union ("Prepetition Accounts") may be kept open by the Debtor with the same account numbers as existed prior to the Petition Date (i.e., November 2, 2018). On a weekly basis, Debtor will

sweep all funds from the Prepetition Accounts into a debtor-in-possession account ("DIP Account") that is open with an authorized depository.

3. The Debtor cannot pay for any expenses from the Prepetition Accounts. Instead, all of Debtor's post-Petition expenses will be paid from the DIP Account, including payments for any service fees or charges associated with the Bank Accounts.

4. All information regarding deposits and transfers of funds into or out of the Bank Accounts shall be timely disclosed in the Debtor's monthly operating reports.

5. After the Petition Date, Wells Fargo, N.A. and OneAZ Credit Union (collectively, the "Banks"), and subject to the terms of this Order, are authorized and directed to continue to maintain, service, and administer the Bank Accounts as they were maintained prepetition, without interruption and in the usual and ordinary course of business.

**DATED AND SIGNED ABOVE**

**Signature Line:**

ILENE J. LASHINSKY
United States Trustee
District of Arizona

_____
PATTY CHAN
Trial Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28